IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL J. LEVITAN,
and
PAMELA H. LEVITAN,
        Plaintiffs,

vs.                               3:09cv321/MCR/MD

MARY ANN PATTI, LLC, et al.,
        Defendants.

---

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiffs' motion for a temporary restraining order and memorandum in support (doc. 25 & 27) and defendants' response thereto. (Doc. 31).

Plaintiffs, Daniel J. Levitan and Pamela H. Levitan, have sued defendants Mary Ann Patti, LLC, et al. alleging eleven different causes of action: tortious interference with business; mail fraud; wire fraud; blackmail, extortion and unjust enrichment; conversion; civil conspiracy; "wire fraud federal litigation;" conversion; fraudulent police reports; fraudulent transfer of property in anticipation of bankruptcy; and a RICO claim. (Doc. 10). All defendants moved to dismiss the amended complaint (doc. 12, 13 & 14) on the same day the plaintiffs moved for entry of clerk's default (doc. 16, 17, 18 & 19) and for the temporary restraining order. Plaintiffs have not yet responded to the motions to dismiss, which are still pending.

Although styled as a motion for temporary restraining order and for preliminary injunctive relief, the majority of the relief requested by the plaintiffs in

their motion relates to discovery matters. For instance they request that they be allowed to take depositions, that certain documents be produced, and that they be allowed to inspect certain other documents. (Doc. 27 at 11). Such matters are not properly presented in the form of a motion for a temporary restraining order. If discovery commences and defendants fail to cooperate or respond, plaintiffs may then file any appropriate motions. The plaintiffs also request in their motion for injunctive relief that the court "[p]rohibit destruction of any document(s) in relation to Mary Ann Patti LLC, Mary Ann Patti, and RAM 2000 without explicit permission of the Court with regards to the above captioned case." (Doc. 27 at 11).

The granting or denial of a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). The district court, however, must exercise its discretion in the light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

*Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Tefel v. Reno,* 180 F.3d 1286, 1295 (11th Cir. 1999); *Johnson v. United States Department of Agriculture*, 734 F.2d 774 (11th Cir. 1984); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to all four elements." *Siegel, supra; All Care Nursing Service v. Bethesda Memorial Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted). Finally, the purpose of

preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also the persons from whom the injunctive relief is sought must be parties to the underlying action. *See In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).

The defendants' response, signed by defendant and attorney Mary Ann Patti, Esq. notes that the plaintiffs' requested remedy is unusual in that counsel already "is under existing and stringent ethical obligations to prevent the spoilation of evidence," and likewise would be obligated to discovery requests made in the manner provided by the Federal Rules of Civil Procedure. Plaintiffs' assertions about defendants' involvement in "fraudulent activities including but not limited to: falsifying documents, extortion, blackmail, and fraud" neither entitles them to nor necessitates a restraining order to ensure the preservation of evidence given the ethical obligations of counsel. The sworn declaration of Cheley Bradley, a former paralegal who worked for Mary Ann Patti, contains serious allegations of misconduct that may be relevant to plaintiffs' case in chief, but these have no bearing upon the side issue of preventing the destruction of evidence which is at issue in the instant motion. This court is confident that defendant and counsel as an officer of the court will comply with her ethical obligations and ensure that other defendants in this action will do the same. Ordering parties to act in a way that they already are ethically constrained to act serves neither judicial economy nor the public interest. The plaintiffs have not met their burden of proving that there exists

a substantial threat of irreparable injury such that entry of a temporary restraining order or other injunctive relief is warranted in this case.

To the extent that the defendants have requested their costs and/or other sanctions and damages, the court finds that such an award is not appropriate at this juncture. However, plaintiffs are admonished that the filing of frivolous or vexatious motions can result in the imposition of severe monetary sanctions against them. They are also reminded that Mr. Levitan's recent incarceration does not affect their obligation to timely prosecute this case, and that failure to respond to the pending motions to dismiss could result in a recommendation that the motions be granted without further notice.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiffs' motion for a temporary restraining order or preliminary injunctive relief (doc. 25) be DENIED.

2. That defendants' requests for costs, other sanctions and damages be DENIED.

At Pensacola, Florida, this 16th day of September, 2009.

/s/ Miles Davis
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).