IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL J. LEVITAN and
PAMELA H. LEVITAN
    Plaintiffs,

vs.                                                       3:09cv321/MCR/MD

MARY ANN PATTI, LLC, et al.
    Defendants.

## O R D E R and
## REPORT AND RECOMMENDATION

    This case is before the court upon numerous pending motions, none of which warrants significant discussion.

    Document 41 is plaintiffs' motion to file supplemental pleading regarding a previous motion to dismiss. As this matter was previously disposed of, the motion should be denied as moot.

    Documents 51 and 52 are a motion for injunctive relief and a motion for sanctions against attorney Mary Ann Patti to which Ms. Patti has responded. (Doc. 63). Plaintiffs accuse Ms. Patti of contacting the BOP and improperly obtaining "personal information" about plaintiff Daniel Levitan. The "personal information" in question pertained to Mr. Levitan's visitors at the BOP and whether he had signed any legal documents. The purpose of this inquiry was that Ms. Patti believed there was reason to question the authenticity of Mr. Levitan's signature on pleadings filed with the court. Plaintiffs offer only speculation as to whether Ms. Patti has attempted to procure any other personal information thru false or fraudulent pretenses, and assert that Ms. Patti has violated federal law through her actions.

They seek an order restraining Ms. Patti and the defendants from "discussing, relating, communication to anyone *except as provided by law*, any information about the plaintiffs or related to plaintiffs to the Third Degree." (Emphasis added). Essentially, then, plaintiffs seek an order enjoining the defendants from violating the law, something they are already legally, and with respect to Ms. Patti ethically, obligated to do.

The granting or denial of a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). The district court, however, must exercise its discretion in the light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

*Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Tefel v. Reno,* 180 F.3d 1286, 1295 (11th Cir. 1999); *Johnson v. United States Department of Agriculture*, 734 F.2d 774 (11th Cir. 1984); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to all four elements." *Siegel, supra; All Care Nursing Service v. Bethesda Memorial Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted). Finally, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Service, Inc.*

*v. Bethesda Memorial Hospital*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

The defendants' response notes that the law that Ms. Patti is alleged to have violated, the Privacy Act, proscribes conduct by a United States government agency, and she is neither an agency nor a member of such an agency. (Doc. 64 at 2). She also explained, and provided evidentiary support for, the basis for her questioning of the authenticity of plaintiff Daniel Levitan's signature on court pleadings. Finally, she noted the absolute lack of any evidence proffered by the plaintiffs that they will suffer irreparable harm absent an injunction. Therefore, as the court concluded with respect to plaintiffs' initial request for injunctive relief, it again finds that ordering parties to act in a way that they already are ethically, and in this instance legally constrained to act serves neither judicial economy nor the public interest. (See doc. 32). The plaintiffs have not met their burden of proving that there exists a substantial threat of irreparable injury such that entry of a temporary restraining order or other injunctive relief is warranted in this case. Thus, both motions should be denied.

Document 100 and 101 are defendants' motions to stay deadlines imposed by the initial scheduling and mediation orders. Plaintiffs have not responded, despite having been afforded the opportunity to do so. Good cause having been shown, the requested relief will be granted. The parties' are hereby relieved of the deadlines set forth in the court's Initial Scheduling and Mediation Orders. Upon resolution of the defendants' pending motions to dismiss, the court will re-visit the propriety of re-setting case management deadlines, potentially requiring additional conference and reporting of the parties.

Document 103 is plaintiffs' motion for extension of time to file a response to motions to dismiss and motion to file fourth amended complaint. Defendants have responded in opposition (doc. 107, 108 & 109). After review of the parties' submissions, the court will afford plaintiffs an additional 28 days from the date of this order in which to file their response to the defendants' motion to dismiss. As noted by the defendants, the plaintiffs provide no factual or legal support for their motion to file what would be their fifth complaint in this action, in which they seek to add numerous defendants and claims. (Doc. 1, 10, 81, & 85). Thus, their request to file a Fourth Amended Complaint just shy of one year from the date they initially filed this case is denied. The Fourth Amended Complaint will not be considered by the court, and it shall be stricken in its entirety and returned to plaintiffs.

Document 104 is a motion to disqualify counsel. Plaintiffs have shown no legally meritorious grounds for their motion, and it is denied.

Document 105 is a motion for court to direct issuance of summons for additional parties. This request is denied, as the court has not accepted the plaintiffs' Fourth Amended Complaint for filing. The motion also includes a request to file pro se pleadings electronically. Because there is more than one pro se party, one of whom is incarcerated, and because of the necessity of ensuring that each party is held accountable for any and all filings, the plaintiffs will not be permitted to file pleadings electronically at this juncture.

Accordingly, it is ORDERED:
1. Plaintiffs' motion to amend/correct (doc. 41) is DENIED as moot.
2. Plaintiffs' motion for sanctions (doc. 52) is DENIED.
3. Defendants' motions to stay deadlines (doc. 100 & 101) are GRANTED. After resolution of the pending motions to dismiss, the court will re-visit the propriety of re-setting case management deadlines.

4.   Plaintiffs' motion for extension of time to file response to the motions to dismiss (doc. 103) is GRANTED.  Their response to the motion to dismiss shall be filed within 28 days from the date of this order.  Plaintiffs' incorporated motion to file Fourth Amended Complaint (doc. 103) is DENIED.  The Fourth Amended Complaint will not be considered by the court, and it shall be stricken and returned to the plaintiffs.

5.   Plaintiffs' motion to disqualify counsel (doc. 104) is DENIED.

6.   Plaintiffs' motion for court to direct issuance of summons for additional parties and motion to file pro se pleadings electronically (doc. 105) is DENIED in its entirety.

And it is respectfully recommended:

Plaintiffs' motion for preliminary injunction (doc. 51) be DENIED.

**DONE AND ORDERED** this 9th day of August, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**